**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MOURAD LATRECHE, <br><br> Defendant. | Case No. 3:14-cv-04849-CRB <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION** |

## I.   NATURE OF THE CASE

1.   Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively, "DISH Network") filed this action against Defendant Mourad Latreche ("Defendant") for unlawfully circumventing DISH Network's security system and intercepting encrypted, copyrighted, subscription-based DISH Network satellite television programming. Defendant accomplished this in part by subscribing to a pirate television service called NFusion Private Server ("NFPS"). This service provided Defendant with the control words or "keys" that are needed to decrypt DISH Network's satellite signal and view DISH Network programming without having authorization from and without making payment to DISH Network.

2.   Defendant was properly served with a summons and DISH Network's complaint, but failed to file an answer, responsive pleading, or otherwise defend the lawsuit within the time

1

allowed.  DISH Network submitted evidence that Defendant is not an infant, is not incompetent, and is not on active duty with the military or otherwise exempted under the Servicemembers' Civil Relief Act.

   3. As a result of Defendant's failure to answer, or otherwise appear in this action, the Court accepts as true the following well-pleaded allegations in DISH Network's complaint:

    (a) DISH Network is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million subscribers throughout the United States via a direct broadcast satellite system.  DISH Network uses high-powered satellites to broadcast, among other things, movies, sports and general entertainment services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event the purchase price. (Dkt. 1, ¶¶ 10-11.)

    (b) DISH Network contracts for and purchases the distribution rights for most of the programming broadcast on the DISH Network platform from providers such as network affiliates, pay and specialty broadcasters, cable networks, motion picture distributors, sports leagues, and other holders of programming rights.  The works broadcast on the DISH Network platform are copyrighted.  DISH Network has the authority of the copyright holders to protect these works from unauthorized reception and viewing. (Dkt. 1, ¶¶ 12-13.)

    (c) DISH Network programming is digitized, compressed, and then scrambled prior to being transmitted to multiple satellites that are located in geo-synchronous orbit above Earth.  The satellites relay the encrypted signal back down to Earth where the signal can be received by DISH Network subscribers that have the necessary equipment. (Dkt. 1, ¶ 14.)

    (d) The EchoStar Technologies receiver processes an incoming DISH Network satellite signal by locating an encrypted part of the transmission called the entitlement control message and forwards that message to the NagraStar smart card.  Provided the subscriber is tuned to a channel that he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a control word.  The control word is transmitted back to the receiver to decrypt the DISH Network satellite signal. (Dkt. 1, ¶¶ 18-19.)

(e) NFusion Private Server or "NFPS" is an Internet key sharing service that provides end-users the control words that descramble DISH Network television programming. End users that receive control words from NFPS are able to view DISH Network programming without having authority from, and without paying the required subscription fee to, DISH Network. (Dkt. 1, ¶ 24.)

(f) Defendant violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520, as alleged in Count III, by obtaining DISH Network's control words through the NFPS service and using the control words to intentionally intercept DISH Network programming. (Dkt. 1, ¶¶ 26-28, 39-41.)

4. In accordance with 18 U.S.C. §§ 2511(1)(a) and 2520, DISH Network requested statutory damages of $10,000, a sum certain, for Defendant's interception of DISH Network's encrypted satellite signal. (Dkt. 1, Prayer for Relief § E.)

## II. FINAL JUDGMENT & PERMANENT INJUNCTION

Upon default of Defendant, the Court, having reviewed the applicable law, evidence, and record in this matter, hereby **ORDERS** as follows:

(1) Defendant, and anyone acting in active concert or participation with Defendant, is hereby permanently enjoined from:

A. circumventing or assisting others to circumvent DISH Network's security system, or otherwise intercepting or assisting others to intercept DISH Network's satellite signal;

B. testing, analyzing, reverse engineering, manipulating, or extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system.

(2) This permanent injunction takes effect immediately.

(3) Judgment is entered in favor of DISH Network on Count III of the complaint alleging violations of 18 U.S.C. §§ 2511(1)(a) and 2520.

(4) Statutory damages in the amount of $10,000 are awarded to DISH Network in accordance with 18 U.S.C. § 2520(c)(2)(B).

(5) The Court retains jurisdiction over this action for two years for the purpose of enforcing this final judgment and permanent injunction.

**IT IS SO ORDERED**.

Dated: Feb. 27, 2015

*IT IS SO ORDERED*
*Judge Charles R. Breyer*
(United States District Court, Northern District of California seal)